UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHUJA, *also known as* TERENCE THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>KEYSHA FISHER, *et al.*,<br><br>Defendants. | Case No. 25–cv–01440–ESK–EAP<br><br><br>OPINION |

**KIEL, U.S.D.J.**

**THIS MATTER** comes before the Court on *pro se* plaintiff Shuja's, also known as Terence Thompson, complaint filed pursuant to 42 U.S.C. § 1983. (Complaint). (ECF No. 1.) As plaintiff is proceeding *in forma pauperis*, I must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the following reasons, I will dismiss the Complaint with prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii).

I.   FACTS AND PROCEDURAL HISTORY

Plaintiff is a convicted and sentenced state prisoner and was formerly detained in South Woods State Prison (South Woods). (ECF No. 1 p. 3.) Plaintiff asserts defendants Keysha Fisher and Anthony Degner violated his Eighth Amendment right to be free from cruel and unusual punishment. (*Id.* p. 4.) Fisher and Degner are employed by defendant New Jersey Department of Corrections (Department). (*Id.*) Plaintiff seeks $750,000 in damages. (*Id.* p. 6.)

## II. LEGAL STANDARD

The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by plaintiffs proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit.  28 U.S.C. § 1915(e)(2).

To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim."  *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023).  Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## III. DISCUSSION

Plaintiff does not include a fact section in his Complaint; instead, he includes a copy of an administrative grievance filed on January 13, 2025 and an article from the New Jersey Monitor (Monitor) dated February 10, 2022. (ECF No. 1–3 pp. 2, 3.)  The grievance alleges that South Woods experienced a

four-day bathroom shortage beginning on January 20, 2024, during which time plaintiff and other inmates were forced to urinate and defecate in plastic bags and bottles. (*Id.* p. 2.) A South Woods employee responded to the grievance on February 7 stating that "there was no water shut off on January 20, 2024 and the four days to follow." (*Id.*) Plaintiff clarified on February 8, 2025 that "[t]he specific dates were Jan. 1st to the 4th and the second time being Jan. 19th to the 21st." (*Id.*)

The Monitor article, titled "Prison Toilet Troubles Prompt Protest," recounts a water main break at South Woods that forced prison employees to bring in port-a-potties and the fire department to provide restrooms for the inmates. (*Id.* p. 3.) It quotes a prison justice advocate as saying "'[w]e have been getting stories that people have been forced to urinate in plastic bottles … and defecat[e] in plastic bags.'" (*Id.*) According to the article, South Woods toilets and showers were unavailable for 28 hours. (*Id.*) Bathrooms and showers were available beginning on January 20, 2022 at 4:00 p.m., but "normal service didn't resume until [January] 23 … ." (*Id.*)

"The Eighth Amendment imposes duties on prison officials to 'provide humane conditions of confinement' and 'ensure that inmates receive adequate food, clothing, shelter, and medical care.'" *Barndt v. Wenerowicz*, 698 F. App'x 673, 676–77 (3d Cir. 2017) (quoting *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)). "To establish an Eighth Amendment conditions of confinement claim, [plaintiff] must show that (1) the deprivation alleged was objectively, 'sufficiently serious' such that the prison officials' acts or omissions resulted in the denial of 'the minimal civilized measure of life's necessities'; and (2) that the prison officials exhibited a 'deliberate indifference' to his health and safety." *Id.* at 677 (quoting *Farmer*, 511 U.S. at 834). Plaintiff has not pleaded facts that would suggest defendants were deliberately indifferent.

The Monitor article attributes the absence of restroom facilities to an emergency that persisted for slightly more than a day. (ECF No. 1–3 p. 3.) South Woods staff provided portable toilets for the inmates, "enlisted the fire department to fill hundreds of buckets with water, and opened up gym bathrooms to ensure the 3,200 inmates and hundreds of staff could still relieve themselves until repairs were made." (*Id.*) Although "normal operations" did not resume until January 23, prisoners were able to shower and use the restroom as of 4:00 p.m on January 20, 2022. (*Id.*) Based on the sparse facts available, it appears that South Woods staff undertook extraordinary efforts to manage the crisis, and nothing in this record supports a reasonable inference that their conduct reflected a culpable state of mind or deliberate indifference. Therefore, plaintiff has failed to state a claim.

Generally, "[a] plaintiff[ ] who file[s a] complaint[ ] subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). I conclude that it would be futile to permit plaintiff to amend the Complaint because the Complaint is barred by the statute of limitations.

"Although the statute of limitations is an affirmative defense, a court may dismiss claims *sua sponte* if a time-bar is obvious from the face of the complaint and no further development of the record is necessary." *Demby v. Cnty. of Camden*, No. 21–1433, 2021 WL 4957002, at *1 (3d Cir. Oct. 26, 2021) (citing Fed. R. Civ. P. 8(c)), *cert. denied*, 142 S. Ct. 1163 (2022). Section 1983 complaints are governed by New Jersey's limitations period for personal injuries and must be brought within two years of the claim's accrual. *See Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y*

4

*Pennsylvania Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

According to the Monitor article, which I may consider because plaintiff submitted it with the Complaint, South Woods experienced the water shortage between January 19 and 23, 2022. (ECF No. 1–3 p.3.) Accordingly, plaintiff needed to submit his Complaint by January 23, 2024. The Complaint is over a year late, having been submitted on February 19, 2025. (ECF No. 1.)

I may equitably toll the statute of limitations in certain circumstances, but "[a] party must plausibly plead allegations to support equitable tolling and 'a district court may dismiss an untimely cause of action if it is plain on the face of the complaint that the limitations period cannot be tolled.'" *Margolis v. Warner Chilcott (US) LLC*, No. 17–cv–04550, 2018 WL 2455925, at *6 (D.N.J. May 31, 2018) (quoting *Menichino v. Citibank, N.A.*, No. 12–cv–00058, 2013 WL 3802451, at *6 (W.D. Pa. July 19, 2013)). There are no facts in the Complaint from which I could reasonably conclude that equitable tolling would be appropriate in this matter. Therefore, I will deny leave to amend as plaintiff cannot remedy the expiration of the statute of limitations. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (affirming dismissal with prejudice due to expiration of statute of limitations); *McCargo v. Camden Cty. Jail*, 693 F. App'x 164, 166 (3d Cir. 2017) (per curiam) ("We therefore agree with the [d]istrict [c]ourt's assessment that amendment of the complaint would be futile because the statute of limitations clearly had expired when [plaintiff] filed this complaint.").

## IV. CONCLUSION

For the reasons stated above, I will dismiss the Complaint with prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii). Leave to amend is denied. An appropriate Order accompanies this Opinion.

                                                */s/ Edward S. Kiel*
                                                **EDWARD S. KIEL**
                                                UNITED STATES DISTRICT JUDGE

Dated: June 23, 2025